uNOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ITALIAN AMERICAN ONE VOICE COALITION, | Civil Action No.: 2:20-cv-12650 |
| Plaintiff, | |
| v. | **OPINION** |
| TOWNSHIP OF WEST ORANGE; MAYOR ROBERT PARISI, in his individual and official capacity, | |
| Defendants. | |

**CECCHI, District Judge.**

## I.  INTRODUCTION

This matter comes before the Court by way of Defendants Robert Parisi, in his official capacity as Mayor of West Orange, New Jersey, and Township of West Orange's ("West Orange") (collectively, "Defendants") motion to dismiss Plaintiff Italian American One Voice Coalition's ("Plaintiff" or "IAOVC") First Amended Complaint (ECF No. 13, "FAC") pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  ECF No. 20.  Plaintiff opposed Defendants' motion (ECF No. 23 ("Opp.")), and Defendants replied.  ECF No. 26.  The Court has considered the submissions made in support of and in opposition to the motion and decides the motion without oral argument pursuant to Fed. R. Civ. P. 78(b).  For the reasons set forth below, Defendants' motion is granted and the Court dismisses the FAC without prejudice.

## II.  BACKGROUND

This action arises out of a dispute between Plaintiff, an "apolitical organization dedicated to the rightful representation of Americans of Italian origin," and Defendants, in which Plaintiff

alleges that Defendants unlawfully removed a Christopher Columbus monument (the "Monument") located at the intersection of Valley Street and Kingsley Street in West Orange, New Jersey, in violation of its constitutional rights.

Plaintiff alleges that, on October 10, 1992, West Orange public officials dedicated the Monument, which was funded by the Valley Civic Association in commemoration of the 500th anniversary of Columbus's "arrival to the New World."  FAC at ¶ 14.  While some of Plaintiff's members are also members of the Valley Civic Association, Plaintiff neither asserts that any of its members were members of the Valley Civic Association at the time the Monument was built, nor that any of its members personally funded the Monument's construction.  *Id.* at ¶ 17.  The only other connection that Plaintiff alleges between its organization and the Monument is that "some of [its] members visited [it] during the Columbus Day celebrations."  *Id.* at ¶ 11.

Years after the Monument's construction, during the Summer of 2020, civic protests took place throughout the United States of America, including in New Jersey, against systemic racism. *Id.* at ¶ 18.  Plaintiff alleges that, following these protests and "significant public comment at a number of meetings," Mayor Parisi announced West Orange's intent to remove the Monument, claiming that the Monument's "message" perpetuated "divisive[mess]" and constituted a "symbol of hate and oppression."  *Id.* at ¶¶ 18–26.  Subsequently, Plaintiff alleges, West Orange removed the Monument in "late June or early July" of 2020.  *Id.*

On September 14, 2020, Plaintiff brought its initial Complaint in this case, followed by the two-count FAC, which claims that Defendants, by removing the Monument, violated its rights under the Equal Protection Clause to the Fourteenth Amendment to the U.S. Constitution, and its right to procedural due process under the Fifth Amendment to the U.S. Constitution, incorporated against the States under the Fourteenth Amendment to the U.S. Constitution.  *Id.* at ¶¶ 27–38.

III.   **LEGAL STANDARD**

a.   **Federal Rule of Civil Procedure 12(b)(6)**

A court must dismiss a claim under Rule 12(b)(1) where it lacks subject matter jurisdiction. *In re Schering Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 243 (3d Cir. 2012).   When addressing a challenge to subject matter jurisdiction, "the court must start by determining whether [it is] dealing with a facial or factual attack to jurisdiction." *U.S. ex rel. Atkinson v. PA. Shipbuilding Co.,* 473 F.3d 506, 514 (3d Cir. 2007).   Here, Defendants filed the attack before it filed any answer to the Complaint or otherwise presented competing facts, and, therefore, its motion is "by definition, a facial attack." *Silverberg v. City of Philadelphia*, No. 19-2691, 2020 WL 108619, at *3 (E.D. Pa. Jan. 8, 2020).   A facial attack challenges the "sufficiency of the plaintiff's pleadings on jurisdictional grounds" where the jurisdictional facts are not in dispute. *Brown v. Tucci*, 960 F. Supp. 2d 544, 561 (W.D. Pa. 2013) (citing *Petruska v. Gannon University*, 462 F.3d 294, 302, n.3 (3d Cir. 2006)).   For purposes of a facial attack, courts accept as true all well-pleaded factual allegations, viewing them in the light most favorable to the party asserting jurisdiction. *In re Kaiser Group Int'l, Inc.*, 399 F.3d 558, 561 (3d Cir. 2005).

b.   **Federal Rule of Civil Procedure 12(b)(6)**

To survive dismissal under Rule 12(b)(6), a complaint must meet the pleading requirements of Rule 8(a)(2) and "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted).   In evaluating the sufficiency of a complaint, a court must also draw all reasonable inferences in favor of the non-moving party. *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008). Ultimately, a complaint "that offers 'labels and conclusions' or . . . tenders 'naked assertions'

devoid of further factual enhancement," will not withstand dismissal under Rule 12(b)(6). *Iqbal*, 556 U.S. at 678 (citations omitted).

## IV.    DISCUSSION

Defendants assert that the FAC warrants dismissal for, among other reasons, failing to state a claim for which relief can be granted.[1]  ECF No. 20 at 15–18.

### a.  Equal Protection Clause

First, Plaintiff claims that Defendants' removal of the Monument denied the IAOVC, comprised of Italian Americans, its Constitutional right to equal protection under the laws "by treating Italian-Americans differently than other similarly situated groups."  FAC at ¶ 30.  The Equal Protection Clause provides that no state shall "deny to any person within its jurisdiction the equal protection of the laws."  U.S. Const. amend. XIV § 1; *Vacco v. Quill*, 521 U.S. 793, 799 (1997).  Pursuant this mandate, a state "must govern impartially," *New York City Transit Authority v. Beazer*, 440 U.S. 568, 587 (1979), and "ensure that all persons similarly situated are treated alike."  *Johnson v. Paparozzi*, 219 F. Supp. 2d 635, 643 (D.N.J. 2002) (citations omitted).  Thus, an equal protection claim arises when a person[2] "receiv[es] different treatment from that received by other [persons] similarly situated."  *Id.* (citations omitted).  Further, a plaintiff must allege that such discrimination was "intentional[ly]" perpetuated by the government.  *Hassan v. City of New York*, 804 F.3d 277, 294 (3d Cir. 2015), *as amended* (Feb. 2, 2016).

---

[1] Mayor Parisi is protected from this suit under the doctrine of qualified immunity, but only to the extent that Plaintiff seeks damages, and not injunctive relief.  *Hill v. Borough of Kutztown*, 455 F.3d 225, 244 (3d Cir. 2006).

[2] Plaintiff, while an organization, constitutes a "person" within the meaning of the Equal Protection Clause.  *See, e.g.*, *Primera Iglesia Bautista Hispana of Boca Raton, Inc. v. Broward Cty.*, 450 F.3d 1295, 1305 (11th Cir. 2006).

Here, Plaintiff's claim fails as the FAC does not adequately allege that Defendants treated Plaintiff and "similarly situated" persons—individuals descending from other national origins—differently in connection with removing the Monument.  Rather, as Plaintiff concedes, Defendants removed the Monument to promote a message of inclusiveness to benefit individuals from all national origins—including Italian Americans—given the historical underpinnings of the Monument.  FAC at ¶¶ 18–25; *see also Geaney v. Computer Scis. Corp.*, No. 03-2945, 2005 WL 1387650, at \*4 (D.N.J. June 10, 2005) (granting summary judgment to defendant in Equal Protection Clause action where "a significant group of comparators . . . were treated equally") (citations omitted).  Plaintiff does not point to any other instances, including with respect to the construction or failure to remove other monuments, where Defendants favored similarly situated persons.  *See Monumental Task Comm., Inc. v. Foxx*, 259 F. Supp. 3d 494, 500, 505 (E.D. La. 2017) (dismissing plaintiffs' equal protection claim where the government's removal of Confederate monuments applied equally to all classes of citizens to promote inclusion, and finding that the government "is not forced to remove all offensive statues at once" concerning other similarly situated persons).

Plaintiff also argues that Defendants acted with discriminatory intent against Italian Americans in removing the Monument because Columbus was Italian. *See generally* Opp. However, for the reasons described above, Plaintiff has failed to sufficiently allege that Columbus's heritage contributed to Defendants' decision to remove the Monument.  Thus, Plaintiff's allegations are conclusory and do not support an inference of discriminatory intent.  *See Delbridge v. Whitaker*, No. 20-94227, 2010 WL 1904456, at \*7 (D.N.J. May 10, 2010) ("Without specific examples giving rise to an inference of discriminatory intent, Plaintiff's claims cannot survive."); *see also Page v. Bartels*, 144 F. Supp. 2d 346, 368 (D.N.J. 2001) (dismissing plaintiff's

equal protection claim where the plaintiff alleged that the government acted with "discriminatory intent" merely because the government's conduct tangentially impacted certain racial groups). Accordingly, Plaintiff's claim warrants dismissal.

### b. Procedural Due Process

Next, Plaintiff alleges that Defendants failed to provide Plaintiff with "notice []or an opportunity to be heard" prior to the removal of the Monument—in which it supposedly maintained a "protected" property interest—in violation of its Constitutional right to procedural due process.  FAC at ¶¶ 37–38.

Procedural due process claims must allege government sponsored deprivation of "a protected interest in . . . property." *Rusnak v. Williams*, 44 F. App'x 555, 558 (3d Cir. 2002) (citing *Zinermon v. Burch*, 494 U.S. 113, 125 (1990)).  Once a plaintiff alleges that its protected interest has been or will be deprived, "procedural due process requires that the governmental unit provide the [person] with notice and a reasonable opportunity to be heard."  *Id.* (citing Cleve*land Bd. of Educ. v. Loudermill*, 470 U.S. 532, 547–548 (1985)).

Here, while Plaintiff claims that it maintained two types of "protected" property interests— an "ownership" interest in the Monument and an interest in the Monument's "benefits"—its allegations lack factual support.  FAC at ¶¶ 8–13; Opp. at 14–15; *see also Trotta v. Borough of Bogota*, No. 12-2654, 2016 WL 3265689, at *8 (D.N.J. June 6, 2016) ("Real property ownership is obviously a protected property interest."); *Luongo v. Pennsylvania State Police*, 156 F. Supp. 3d 599, 605 (E.D. Pa. 2016) ("A person's interest in a benefit is a property interest for due process purposes if there are such rules or mutually explicit understandings that support his claim of entitlement to the benefit.") (citations omitted).

First, Plaintiff has failed to allege that it maintains an ownership interest in the Monument. Indeed, as Plaintiff concedes, the Valley Civic Association, and not the IAOVC, funded the Monument.  FAC at ¶¶ 11, 14.  In fact, Plaintiff's only alleged connections with the Monument is that some of its members (1) visited the Monument during Columbus Day celebrations, and (2) are also members of the Valley Civic Association.  *Id.* ¶¶ 11–17.  Moreover, for the latter connection, Plaintiff neither asserts that any of its members were members of the Valley Civic Association at the time the Monument was funded, nor that any of its members personally funded the Monument's construction.  *Id.* at ¶ 17.

Second, while Plaintiff purports to rely on N.J.S.A. § 28:2-1 to support its claim of a "property . . . entitlement" in the Monument's benefits, this argument is also without merit.  Opp. at 14–15; *see also Trotta*, 2016 WL 3265689, at *9 ("[T]o have a property interest in a benefit, a person . . . must have more than a unilateral expectation of it.  He must, instead, have a legitimate claim of entitlement to it.") (citations omitted).  Specifically, under N.J.S.A. § 28:2-1, "[t]he control, custody, care and preservation of any public . . . monument . . . shall continue to be vested in the body or organization . . .  to which such control, custody, care and preservation have been given by any [other] law."  *Id.*  Thus, by its plain language, this law does not purport to vest Plaintiff with an interest in the Monument's benefits.[3]

Accordingly, as Plaintiff has pointed to no legal definition under which the facts alleged here would be sufficient to confer upon the IAOVC a protected property interest in the Monument,

---

[3] Further, even assuming the Valley Civic Association could have an interest in the Monument's benefits because it allegedly funded the Monument's construction, the Association and Plaintiff are distinct "persons" within the meaning of the Due Process Clause.  *See Mun. Revenue Servs., Inc. v. McBlain*, 347 F. App'x 817, 825 (3d Cir. 2009) (defining persons under the Due Process Clause).

the FAC's procedural due process claim warrants dismissal.[4]  *See Nifas v. Beard*, No. 08-834, 2009 WL 3241871, at *11, n.10 (W.D. Pa. Oct. 6, 2009), *aff'd as modified*, 374 F. App'x 241 (3d Cir. 2010) (plaintiff's procedural due process claim failed where it did not meet "the initial burden of establishing that a protected property interest exists") (citations omitted).

## V.    CONCLUSION

For the reasons set forth above, Defendants' motion to dismiss (ECF No. 20) is granted, and the Court dismisses the FAC without prejudice.   An appropriate Order accompanies this Opinion.

**DATED**: July 30, 2021

/s/ Claire C. Cecchi

**CLAIRE C. CECCHI, U.S.D.J.**

---

[4] Plaintiff has also failed to sufficiently allege that it maintains Article III standing regarding its procedural due process claim.  Plaintiff alleges that it has standing because Defendants' removal of the Monument injured its property interest.  Opp. at 5–9.  However, because, as described above, Plaintiff maintained no such property interest in the Monument, no injury exists. *See Weathers v. Sch. Dist. of Philadelphia*, 383 F. Supp. 3d 388, 400 (E.D. Pa. 2019) (a plaintiff "suffer[s] no injury that would entitle [it] to redress" where it has "no property interest") (citations omitted).  In addition, Plaintiff purports to assert the doctrine of associational standing, in which "an organization may sue to redress its members' injuries, even without a showing of injury to the association itself." *United Food & Com. Workers Union Loc. 751 v. Brown Grp., Inc.*, 517 U.S. 544, 552 (1996).  In particular, an association must demonstrate that: "(a) its members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose and (c) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit." *Pennsylvania Psychiatric Soc. v. Green Spring Health Servs., Inc.*, 280 F.3d 278, 283 (3d Cir. 2002) (quoting *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 343 (1977)).  Here, Plaintiff has failed to allege the first prong because Plaintiff neither asserts that any of its members were members of the Valley Civic Association at the time the Monument was funded, nor that any of its members personally funded the Monument's construction.